UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CATHERINE JOSEPH, Individually and
on behalf of a class,

                                                  Case No. 17-cv- 4222

                              Plaintiff,

                  - against -

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                              Defendant.
-------------------------------------------------------X

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful credit and collection

practices engaged by defendant Portfolio Recovery Associates, LLC.  Plaintiff alleges violation

of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  The FDCPA

broadly prohibits unfair or unconscionable collection methods; conduct which harasses,

oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection

with the collection of a debt; it also requires debt collectors to give certain information.  15

U.S.C. §§1692e and 1692g.

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C.A. § 1692(a).

3.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors'

1

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)

4.    The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

7.    Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

8.    Plaintiff, Catherine Joseph, is an individual resident of the State of New York, residing in the County of Kings.  Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

9.    Defendant, Portfolio Recovery Associates, LLC, is a Delaware Foreign Limited Liability Company doing business in New York.  Defendant is regularly engaged in the collection of debts allegedly owed by consumers.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

10. On or about January 17, 2017, Plaintiff was mailed the collection letter attached as <u>Exhibit A</u> (the "January 17 Letter"). Plaintiff received it in the ordinary course of mail.

11. The January 17 Letter sought to collect a debt incurred for personal, family or household use and not for business purposes.

12. The January 17 Letter is, on information and belief, a form letter.

13. On the back side of the January 17 Letter, Defendant stated in part: "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com." (emphasis in original).

14. The January 17 Letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g.

15. Although the January 17 Letter includes a telephone number, that number refers only to making payments – "Please call Johanna L. Ortiz-Rivera TOLL FREE at 1-800-772-1413 to discuss payment arrangements."

16. Defendant's statement would lead an unsophisticated consumer to conclude that his or her option to dispute the debt, could only be in writing.

17. It is a violation of the FDCPA to require disputes to be made in writing and it is a violation of the FDCPA to include language in a letter that overshadows the required Validation Notice (the 15 U.S.C. § 1692g(a) statement).

18. It is a further violation of the FDCPA to include language in the January 17 Letter that contradicts the Validation Notice.

3

19. An unsophisticated consumer would conclude from the above-mentioned language, that he has no option to make an oral dispute. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. NY 2013); also *see Zengerle v. Dynia & Assocs.*, 2013 U.S. Dist. LEXIS 130873 (M.I. 2013).

20. This language overshadowed and contradicted the validation notice stated above it in the letter, and was misleading, since it leaves the debtor with a false notion that disputing an alleged debt requires a <u>written</u> communication to be sent to the above-mentioned address.

21. An unsophisticated consumer would think that all disputes can only be done in writing.

22. The said language can be reasonably read to have two or more different meanings, one of which is inaccurate. *See Carole Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624, pg. 12-13 (E.D.N.Y. June 19, 2017); also *see Vega v. Credit Bureau Enters.*, No. 02-cv-1550, 2005 U.S. Dist. LEXIS 4927, at *19 (E.D.N.Y. Mar. 29, 2005); *and Vetrano v. CBE Grp., Inc.*, No. 15-cv-3185, 2016 U.S. Dist. LEXIS 100396 (E.D.N.Y. Aug. 1, 2016) (found that the phrase "Forward written disputes to: PO Box 2635, Waterloo, IA 50704-2635" overshadowed and/or contradicted otherwise valid language informing the plaintiff of her right to dispute the alleged debt in ways other than in writing).

23. Defendant's January 17 Letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for failing to comply with the Validation Notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

24. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

25. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

30. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits and these materially misleading statements trigger liability under section 1692e of the Act.

31. The deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute

embarrassment.    Plaintiff and putative class members are entitled to preliminary and

permanent injunctive relief, including, declaratory relief, and damages.

## VIOLATIONS ALLEGED

## COUNT I – VIOLATION OF THE FDCPA

33. Plaintiff hereby incorporates Paragraphs 1-32.

34. Defendant's actions as set forth above in the within complaint violates the Fair

Debt Collections Practices Act.

35. Specifically, the January 17 Letter violates 15 U.S.C. §§ 1692e(10) and 1692g(a),

by

implying that Plaintiff may only dispute the debt in writing, not orally.

36. The January 17 Letter further violates 15 U.S.C. §§ 1692e(10) and 1692g(a), by

overshadowing the Plaintiff's validation rights within the thirty-day period, and for engaging in

deceptive and false practices.

37. Collection letters such as those sent by defendant are to be evaluated by the

objective standard of hypothetical "least sophisticated consumer."

38. As a result of defendant's violation of the FDCPA, plaintiff and the class has been

damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

39. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

40. The class consists of (a) all natural persons (b) who were sent a letter seeking to

collect a debt (c) in the form of Exhibit A which overshadows the validation rights within the

thirty-day period (d) on or after a date one year prior to the filing of this action and ending 20

days after the filing of this action.

6

41. The class is so numerous that joinder is impracticable.

42. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

43. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

        a. whether Exhibit A overshadows the class members validation rights;

        b. Whether Exhibit A limits the class members right to dispute the debt ; and

        c. Whether the letter violates the FDCPA.

44. Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.  The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

        a)   Statutory damages;

        b)   Attorney's fees, litigation expenses and costs of suit;

        c)   Declaratory relief finding the collection letter violates the FDCPA; and

    d)   For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
       July 17, 2017

                                      SHAKED LAW GOUP, P.C.
                                       Attorneys for Plaintiff

                            By:
                              Dan Shaked (DS-3331)
                              44 Court St., Suite 1217
                              Brooklyn, NY 11201
                              Tel. (917) 373-9128
                              Fax (718) 704-7555
                              e-mail: ShakedLawGroup@Gmail.com